Constance N. Stiles and Elmer P. McClure, Appellants,
v. Aluminum Products Company, Appellee.

Gen. No. 44,143.

Opinion filed June 20, 1949. Rehearing denied July 1, 1949. Released for publication July 18, 1949.

Dix & Dix, of Terre Haute, Indiana, and Wilson & McIlvaine, of Chicago, for appellants; Floyd E. Dix, of Terre Haute, Benjamin H. Weisbrod, W. P. Gilbert and W. S. Bodman, all of Chicago, of counsel.

Sprague & Redman, of Chicago, for appellee; Arthur W. Sprague and Abraham Redman, both of Chicago, of counsel.

Mr. Presiding Justice Feinberg delivered the opinion of the court.

Plaintiffs brought their action under section 73 of the Business Corporation Act, chapter 32, paragraph 157.73, Illinois Revised Statutes 1947 [Jones Ill. Stats. Ann. 32.075], to recover the reasonable value of 1240 shares of stock of the defendant company, owned by plaintiffs. Defendant filed its motion to dismiss the complaint, supported by affidavits, upon which a hearing was had and evidence received, and the court dismissed the complaint and entered final judgment, from which plaintiffs appeal.

There is practically no dispute as to the facts. It appears from the evidence that defendant was an Illinois corporation incorporated in 1911 and engaged in the manufacture and sale of aluminum and stainless steel cooking utensils, and also in the fabrication of aluminum and other metals. The charter was amended in 1935, giving it power to deal in real estate and securities. After the charter was amended, a subsidiary company, known as General Homes Corporation, was organized, which erected some 30 apartments on real estate adjacent to the plants of the corporation, and appears to have been a housing project for the convenience of defendant's employees. The acquisition of the shares of the General Homes Corporation and a few shares of bank stock was the only exercise of the additional powers of the corporation prior to the sale of its assets in question. During the year 1945, negotiations were entered into for the sale of defendant's manufacturing plants, tangible property, inventory, business and good will, to the Reynolds Metals Company, a Delaware corporation. A contract of sale dated December 7, 1945, between defendant and the Reynolds company was entered into, by which all of its manufacturing plants (four in number), its tools, dies, machinery, equipment, office furniture, trucks, inventory, good will and patents were sold to the

Reynolds company for $1,406,570. It did not sell its stock in General Homes Corporation, nor some stock in the LaGrange Trust & Savings Bank, money in bank, accounts receivable and some marketable securities and a 1942 Oldsmobile sedan. It was stipulated that the value of the assets not sold was $760,622.69. After the contract of sale was entered into, the directors sent out a notice, under section 72 of the Business Corporation Act, for a stockholders' meeting to authorize the sale. Plaintiffs were substantial stockholders in the defendant company, and at the meeting did not vote in favor of the sale and followed the procedure prescribed by section 73 of said Act, the pertinent provision of which, applicable to the instant case, provides:

"Rights of dissenting shareholders. In the event that a sale or exchange of all or substantially all of the property and assets of a corporation otherwise than in the usual and regular course of its business, is authorized by a vote of the shareholders of the corporation, any shareholder who shall not have voted in favor thereof may, within twenty days after the vote was taken, make written demand on the corporation for the payment to him of the fair value of his shares as of the day prior to the date on which the vote was taken authorizing the sale or exchange . . . ."

No question is here raised that defendant did not conform to the statute in the matter of the notice and the holding of the meeting of the stockholders or the procedure necessary to effect a sale, nor is there any question raised here that plaintiffs did not comply with the procedure prescribed by said section 73.

The only question, as we view it, presented upon this appeal is whether the sale in question was one of "substantially all of the assets" of the defendant company, not made in the usual and regular course of its business, within the meaning of section 72 of said Act. Plaintiffs' theory is that the mere exclusion from the sale of a second-hand automobile, some shares of stock

in a subsidiary building company, accounts receivable, money in bank, and some marketable securities, does not take it out of the operation of the statute governing the sale of "substantially all of the assets" of the company.

The primary object of the company was the manufacture of aluminum and stainless steel cooking utensils and the fabrication of aluminum and other metals. It owned four tracts of real estate, each improved with buildings, having an aggregate of 128,000 square feet, in which it carried on its manufacturing business. It had a vast stock of raw material and finished products, valuable patents, licenses, copyrights and good will, all resulting from the years of successful operation of its business, and all included in the sale in question. To hold out from the sale the choses in action described and an old automobile, and thus seek to prevent the sale from being "substantially all of the assets" of the company, within the meaning of the statute, is in our judgment an effort to circumvent the statute and defeat the rights of a dissenting stockholder under section 73 of the Act. *Fisk v. Toys & Novelties Pub. Co.*, 259 Ill. App. 368, discusses the prior statute in this State on the very subject involved in the instant case. It supports our present view that the present statute, while intending to liberalize the power of directors and stockholders to sell all or "substantially all of the assets" other than in the regular course of business, as provided in said Act, yet it also intended to protect the minority stockholder who does not vote in favor of such a sale. It affords to him the remedy of recovering the reasonable value of his stock, whatever that may be as of the time of the sale. It will not permit resort to subterfuge, in a sale of assets, to defeat the rights of a dissenting stockholder.

We think upon the showing made that the sale in question was one of "substantially all of the assets" of the corporation, within the meaning of the statute, and that plaintiffs are entitled to bring their action.

The trial court therefore erred in dismissing the complaint, and the judgment is reversed and the cause remanded with directions to overrule the motion to dismiss and to compel an answer to the complaint.

*Reversed and remanded with directions.*

TUOHY and NIEMEYER, JJ., concur.